## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| JAMES N. ZIEBELL, | Case No.: 18-cv-02038-JNE-ECW |
| Plaintiff, | |
| v. | **DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S MEMORANDUM OF LAW IN SUPPORT MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** |
| AMERICAN EXPRESS NATIONAL BANK, f/k/a AMERICAN EXPRESS BANK, FSB; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION, LLC, | |
| Defendants. | |

_____

Defendant American Express National Bank (hereafter "AMEX"), through undersigned counsel, hereby moves the Court for an Order compelling arbitration and staying this action pending arbitration, and in support of the same states as follows:

**I.     INTRODUCTION**

In this lawsuit, Plaintiff brings claims against AMEX related to a credit card account that Plaintiff held with AMEX. (*See* Compl. ¶¶ 11, 84-88). Specifically, Plaintiff alleges a single count for violation of section 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act (*Id.* at ¶¶ 84-88).

Upon opening his credit card account with AMEX, Plaintiff received a Cardmember Agreement corresponding to the account ("the Agreement").[1] Plaintiff indicated his assent to the terms within the Agreement when he used his credit card

---

[1] Declaration of Keith Herr, ("Herr Decl.") at Ex. 1 (Cardmember Agreement).

1

account.[2]  By entering into this Agreement with AMEX, Plaintiff, among other things, agreed to a broad and all-encompassing Arbitration Provision which is contained in the Agreement (the "Arbitration Provision").  The Arbitration Provision declares that, *inter alia*:

> "IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM. (emphasis in original).[3]

The Arbitration Provision further defines "Claim" as "any claim, dispute or controversy between you and us arising from or relating to your Account, this Agreement, the Electronic Funds Transfer Services Agreement, and any other related or prior agreement that you may have had with us, or the relationships resulting from any of the above agreements ("Agreements"), except for the validity, enforceability or scope of this Arbitration Provision or the Agreements."[4]  The Arbitration Provision further provides that it is governed by the Federal Arbitration Act ("FAA").[5]

Additionally, Plaintiff was afforded the opportunity to opt out of the Arbitration Provision within 45 days after his first card purchase.  However, AMEX has no records of Plaintiff notifying AMEX of refusing to accept the terms of the arbitration provision.[6]

---

[2] *Id.* at p. 1 ("When you keep, sign or use the Card issued to you (including any renewal or replacement Cards), **or you use the account**, you agree to the terms of the Agreement.") (emphasis added).
[3] *Id.* at p. 3.
[4] *Id.* at p. 2.
[5] *Id.* at p. 3.
[6] Herr Decl. at ¶ 7.

2

## II.     ARGUMENT

### A.     The FAA Requires The Parties to Arbitrate Plaintiff's Claims.

The FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Thus, the FAA places arbitration agreements "upon the same footing as other contracts."  *Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989) (citation omitted).

Not only does the FAA require the enforcement of arbitration agreements, but it "'declare[s] a national policy favoring arbitration.'"  *Nitro-Lift Techs., L.L.C. v. Howard*, 133 S. Ct. 500, 503 (2012) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)).  When a contract contains an arbitration clause, a strong presumption in favor of arbitration exists, and courts must submit the dispute to arbitration unless there is "positive assurance" that the clause does not cover the dispute.  *Armstrong v. Assoc. Int'l Holdings Co.* (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)); *see also Baker v. Golf U.S.A., Inc.*, 154 F.3d 788, 793 (8th Cir. 1998) ("[A]ny doubt concerning the scope of the arbitrable issues should be resolved in favor of arbitration.") (citations omitted).

In deciding a motion to compel arbitration under the FAA, this Court engages in a two-step inquiry to determine whether the parties agreed to arbitrate the dispute: (1) whether there is a valid agreement to arbitrate between the parties and (2) whether the dispute falls within the scope of that arbitration agreement.  *Webster Grading, Inc. v. Granite Re, Inc.*, 879 F. Supp. 2d 1013, 1018 (D. Minn. 2012); *see also M.A. Mortenson*

3

*Co. v. Saunders Concrete Co.*, 676 F.3d 1153, 1156-7 (8th Cir. 2012) ("A motion to compel arbitration must be granted 'if a valid arbitration clause exists which encompasses the dispute between the parties.'"(internal citations omitted)) Here, the parties are bound to a valid agreement to arbitrate, and Ziebell's claims are within the scope of that agreement.

### 1. The Parties Are Bound By A Valid Agreement to Arbitrate.

The FAA mandates that arbitration agreements are to be enforced "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. While state law governs the interpretation of "generally applicable contract defenses, such as fraud, duress, or unconscionability," the party seeking to avoid arbitration bears the burden of establishing these defenses. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745-46 (2011); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000). "[I]n applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement within the scope of the [FAA]," however, "due regard must be given to the federal policy favoring arbitration." *Volt Info. Scis., Inc.*, 489 U.S. at 475-76.

Here, AMEX and Ziebell agreed to be bound by the Arbitration Provision by entering into the Agreement. As provided above, the Arbitration Provision specifically states that "any claim" must be resolved, by the election of either party, by arbitration.[7] Ziebell bound himself to the clear arbitration requirements by proceeding to use his

---

[7] Herr Decl. at Ex. 1, p. 2.

4

account with AMEX.  The agreement to arbitrate is enforceable, and therefore Ziebell must submit his claims to arbitration.

### 2. Ziebell's Claims Fall Within The Scope of The Arbitration Agreement.

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," and "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983); *Randolph*, 531 U.S. at 91 (citations omitted).

Here, there can be no doubt that Ziebell's claims against AMEX are governed by the arbitration agreement.  As cited above, the plain language of the agreement requires that "any claim" including but not limited to those arising from or relating to "any of the accounts created under any of the agreements," "advertisements, promotions or oral or written statements related to any of the accounts," and "the benefits and services related to Cardmembership" are covered by the Arbitration Provision and must be submitted to arbitration at either party's election.[8]  Each of Ziebell's claims against AMEX clearly relates to his credit card account with AMEX, such that they are covered by the Arbitration Provision.

### B. The Court Should Stay These Proceedings.

The FAA provides that a court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties, stay the trial of the action until such arbitration has been

---

[8] Herr Decl. at Ex. 1, p. 2.

5

had in accordance with the terms of the agreement." 9 U.S.C. § 3. Since the arbitration agreement governing Ziebell's claims here mandates arbitration of this dispute at either party's election, and because AMEX so elects arbitration, this Court should stay these proceedings and issue an order directing the parties to proceed with arbitration of Ziebell's claims.

### III.   CONCLUSION

For the foregoing reasons, Defendant American National Bank requests that this Court enter an order compelling arbitration of Ziebell's claims and staying these proceedings.

Dated:  November 15, 2018                **MONROE MOXNESS BERG PA**

  */s/ Mae B. van Lengerich*
Ansis V. Viksnins (#196277)
Mae B. van Lengerich (#396903)
7760 France Avenue South, Suite 700
Minneapolis, MN  55435
Telephone:   (952) 885-5999
Facsimile:    (952) 885-5969
Email:    aviksnins@mmblawfirm.com
Email:    mvanlengerich@mmblawfirm.com

*Counsel for Defendant*
*American Express National Bank*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 15th day of November 2018, a true and correct copy of the foregoing document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

John H. Goolsby
Goolsby Law Office, LLC
475 Cleveland Avenue N, Suite 212
Saint Paul, MN 55104
*Attorney for Plaintiff*

Christopher Adam Hall
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, IL 60601

Gregory J. Myers
Lockridge Grindal Nauen PLLP
100 Washington Ave. S. Ste. 2200
Mpls, MN 55401-2179
*Attorneys for Experian Information Solutions, Inc.*

Christopher J. Haugen
Messerli & Kramer P.A.
100 South Fifth Street
1400 Fifth Street Towers
Minneapolis, MN 55402
*Attorney for Equifax Information Services LLC*

Amy M Sieben
Fisher Bren & Sheridan LLP
920 Second Avenue South, Suite 975
Minneapolis, MN 55402

Bradley D Fisher
Fisher Bren & Sheridan LLP
920 Second Avenue South, Suite 975
Minneapolis, MN 55402

Katherine E. Carlton Robinson
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
*Attorneys for Trans Union LLC*

                                          */s/ Mae B. van Lengerich*